Edward G. Baker, J.
Application by defendants to punish as and for a contempt the officers of plaintiff unincorporated association, and for an order “ that they be directed and required to reconvene the membership meeting heretofore directed to be held by the judgment of this Court on May 28, 1958, and that such officers be directed and required to properly conduct the said meeting; to recognize the rights of members to bring proper business before the said regular membership meeting; and that the officers aforesaid be bound to observe and adhere to the laws of the Union and Robert’s Rules of Order, and that the officers aforesaid be directed and required to recognize the validity of and comply with all the actions of the membership taken at said membership meeting of May 28, 1958 ”.
None of the individuals sought to be held in contempt was served personally with an order to show cause or with the notice of motion herein. The notice was served upon plaintiffs’ attorney. On that ground and on the reasons stated below, the application to punish is denied (Judiciary Law, §§ 757, 761),
The remainder of the relief sought is based upon defendants’ claim that the presiding officer illegally declared the meeting in recess; that his act in so doing was ineffective to prevent the continuance of the meeting by the membership; and that the proceedings taken subsequent to the declared “ recess ” were lawful and binding. Thus it appears that, on defendants’ own position in the matter, there is no need or reason to direct & continuance of the May 28 meeting.
The questions of the validity or invalidity of the actions taken by the membership subsequent to the “ recess ”, and whether the “ recess ” was properly declared, may not be determined by the court on this motion. Those questions are beyond the scope of the judgment and the issues tried, and must be disposed of in some other action or proceeding as defendants may be advised.
Application denied in all respects.